UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. COOK, | ) | CASE NO. 4:21-cv-1549 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| G. SHAFFER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Anthony L. Cook ("Cook"), a federal prisoner at FCI-Elkton, filed this *Bivens*[1] action against FCI-Elkton Unit Manager G. Shaffer ("Shaffer"). In the complaint, Cook asserts his religious materials were vandalized or stolen by prison staff while he was in segregation. Cook believes that Shaffer is protecting the offending staff members by not granting the relief he requested in his informal complaint. He maintains this matter impacts his First Amendment rights and seeks monetary damages.

## I.  Background

Cook alleges that while he was housed in segregation for fighting, his property was packed up by FCI-Elkton staff members. (Doc. No. 1 (Complaint) at 1[2].) He contends that when he was released from segregation on May 12, 2021, he discovered that one book of his "books of shadow" was missing, and another book had been vandalized by having pages cut out. Cook explains that

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

the books of shadow are a collection of five pagan religious books that contain rituals, spells, and personal spiritual reflections. (*Id*. at 2.) He states he filed an informal complaint grievance form with Shaffer, who is his Unit Manager, asking for replacement of the books. (*Id*.) Shaffer advised Shaffer to file a tort claim and provided him with a form to initiate that action. Cook found that request unsatisfactory and contends Shaffer was protecting the officers that damaged or confiscated his materials. (*Id*.) Cook does not assert a specific legal claim but states at the outset of his complaint that jurisdiction is based on a federal question because the books of shadow are protected by the First Amendment. He seeks $ 700,000.00 in damages. (*Id*.)

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.   Analysis

Before proceeding to the merits of this claim, the Court must decide whether *Bivens* provides a cause of action in this context. The United States Supreme Court recently clarified that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied, absent the presence of special factors. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 198 L. Ed. 2d 290 (2017). Congress provided a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983; however, it did not provide a corresponding remedy for constitutional violations by federal officials. In *Bivens*, decided in 1971, the Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. Since then, the Supreme Court has allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228, 248–49, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); and (2) in an Eighth Amendment Cruel and Unusual Punishment Clause case, *Carlson v. Green*, 446 U.S. 14, 19, 100 S. Ct. 1468, 64 L. Ed.

2d 15 (1980). The Supreme Court has not approved of an implied damages remedy under the U.S. Constitution itself. *Ziglar*, 137 S. Ct. at 1855.

Cook seeks to assert a First Amendment freedom of religion claim. This is not one of the existing contexts in which a *Bivens* remedy has been implied. Furthermore, even if a First Amendment claim could be brought in a *Bivens* action, the claim could not be asserted against Shaffer. In order to state a claim under *Bivens*, a plaintiff must allege that the individual defendant was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373–77, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)); *Kesterson v. Fed. Bureau of Prisons*, 60 F. App'x 591, 592 (6th Cir. 2003); *see also Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (to be subject to *Bivens* liability, a defendant must have had "direct, personal participation" in the constitutional violation), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2000). In this case, Cook names Shaffer as a defendant because he was Unit Manager that answered his informal grievance. Cook does not allege Shaffer was involved in the destruction or theft of his religious materials. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability for a constitutional violation. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).

## IV. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 1, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**